304 Ga. 320
FINAL COPY

S18A1026. JONES v. THE STATE.

NAHMIAS, Justice.

Appellant Corey Jones was convicted of malice murder and two firearm offenses in connection with the shooting death of Tywanna Boyd. On appeal, he contends only that the evidence presented at his trial was legally insufficient to support his convictions. We disagree and affirm.[1]

1. Viewed in the light most favorable to the verdicts, the evidence presented at the trial showed the following. Appellant and Boyd began a tumultuous romantic relationship about nine months before her death. Her roommate testified that Appellant was physically abusive toward Boyd and, on

---

[1] Boyd was killed on March 24, 2014. On June 20, 2014, a Fulton County grand jury indicted Appellant for malice murder, two counts of felony murder, aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. At a trial from April 13 to 16, 2015, the jury found Appellant guilty of all charges. The trial court sentenced him as a recidivist to serve life in prison without the possibility of parole for malice murder, five concurrent years for possession of a firearm by a convicted felon, and five consecutive years for possession of a firearm during the commission of a felony. The felony murder verdicts were vacated by operation of law, and the aggravated assault verdict merged into the malice murder conviction. Appellant filed a timely motion for new trial, which he amended with new counsel on April 3, 2017. After a hearing on May 22, 2017, the trial court denied the motion on June 20, 2017. Appellant then filed a timely notice of appeal, and the case was docketed in this Court for the August 2018 term and submitted for decision on the briefs.

one occasion, he hit Boyd repeatedly while she knelt before him and screamed for her roommate's help; Appellant then punched her roommate to the ground. Appellant was verbally aggressive toward Boyd at her apartment again on the day of the shooting.

At 3:41 p.m. that day — March 24, 2014 — Appellant called 911 to report that his girlfriend had been shot on the left-hand shoulder of I-20 westbound near the I-285 interchange in Fulton County. Paramedics arrived and took Boyd to a hospital; she had been shot once in the left side of her back, and she died from the gunshot later that day.

Appellant told the police officers who responded to the 911 call that "Little Tic," a man who he said had recently shot at him, was pursuing Boyd and Appellant down the expressway, and when Boyd pulled over to see if Little Tic would pass, the man also stopped, got out of his car, shot at Appellant but hit Boyd, and then drove away. The officers had Appellant wait in a police car while they searched the area, eventually locating a .357 magnum revolver under some nearby trees. The revolver had one spent shell casing and five live rounds in the cylinder. Appellant was then taken to a police station for questioning. When he was briefly left alone in the interview room, he attempted to commit

2

suicide by hanging himself with his shirt and belt.

At trial, two witnesses who were driving together on I-20 at the time of the shooting testified that they heard the sound of the gunshot and saw a man standing outside the front passenger side of Boyd's car and a person falling to the ground; one of the witnesses also saw the man pointing a gun at the person. The man was wearing clothes similar to those worn by Appellant at the time. A ballistics expert testified that the bullet found in Boyd's body was fired from the revolver found at the crime scene and that the gun required 10.25 pounds of trigger-pressure to fire if it was in "double-action" mode (with the hammer not cocked). A DNA expert testified that Appellant's DNA was found on the grip of the revolver. The State also presented evidence that Little Tic was meeting with his probation officer at the time of the shooting.

Appellant elected to testify, and he told the jury a story very different from the tale he had told the police on the day of the shooting. Appellant now admitted to shooting Boyd, but claimed it was an accident. On the day of the shooting, Appellant said, he was arguing with Boyd about some drugs he was missing when the couple left their apartment to take her car to a mechanic. Boyd was driving and Appellant was in the passenger's seat; they continued

3

arguing in the car, but the topic shifted to Appellant's alleged infidelity. As Boyd drove on I-20, she became so upset with Appellant that she pulled the car over on the left shoulder and got out. Despite being a convicted felon, Appellant was carrying the revolver for protection due to a recent violent altercation with Little Tic. Several minutes after Boyd got out of the car, Appellant claimed, he tried to climb over the center console to get out through the driver-side door to walk to a gas station, but he "slipped" and the revolver he was holding by the cylinder somehow "went off," shooting Boyd as she stood outside. The DNA expert, however, did not find Appellant's DNA on the cylinder of the revolver, and Appellant admitted that the gun's hammer had not been cocked when he shot Boyd. Appellant also claimed that Boyd then ordered him to throw the gun into the trees and call 911, promising that she would not tell on him.

2. Under OCGA § 16-2-2, "[a] person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence." In his sole enumeration of error, Appellant contends that the evidence presented at trial indicated that the shooting was accidental and therefore was legally

4

insufficient to support his convictions for malice murder, felony murder, and aggravated assault.[2] Specifically, Appellant argues that the State failed to disprove his defense theory of accident beyond a reasonable doubt because the autopsy showed that the bullet traveled in an upward trajectory through Boyd's body even though Appellant was six feet tall and Boyd was only five foot three inches tall. If he shot Boyd while standing outside the car, Appellant asserts, the bullet would have traveled in a downward trajectory. Appellant also claims that his actions immediately after the shooting — calling 911 and remaining with Boyd until paramedics arrived —are inconsistent with the behavior of a murderer.

As this Court has often explained, however, "'it is the role of the jury to resolve conflicts in the evidence and to determine the credibility of witnesses, and the resolution of such conflicts adversely to the defendant does not render the evidence insufficient.'" Graham v. State, 301 Ga. 675, 677 (804 SE2d 113) (2017) (citation omitted). As summarized above, when viewed in the light most favorable to the jury's verdicts, the evidence showed that Appellant, who had multiple felony convictions, had a history of violence toward Boyd, and the

---

[2] As explained in footnote 1 above, Appellant was found guilty but was not convicted of or sentenced for the felony murder charges and the aggravated assault charge, so his claim regarding those counts is moot. See Bolling v. State, 300 Ga. 694, 697 n.2 (797 SE2d 872) (2017).

5

couple was arguing just before the shooting; two witnesses heard the gunshot and saw a man wearing clothes like those worn by Appellant standing *outside* of Boyd's car as she fell; the revolver, which had Appellant's DNA on the grip but not on the cylinder, had not been cocked and required more than ten pounds of pressure on the trigger to fire; and Appellant told the police that Little Tic shot Boyd but — when the evidence proved that story to be a blatant lie — changed his account to admit to being the shooter while claiming that he did not mean to shoot. Finally, the upward bullet trajectory could be explained in many reasonable ways, including if Appellant shot Boyd with his gun at waist-height; the witness who saw Appellant pointing the gun did not say at what height he was holding the gun. This evidence was easily sufficient to authorize a rational jury to reject Appellant's accident defense and to find instead that he intentionally and fatally shot Boyd in the back, making him guilty beyond a reasonable doubt of malice murder and of the two firearm offenses for which he was convicted. See Jackson v. Virginia, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979); Thompson v. State, 295 Ga. 96, 98 (757 SE2d 846) (2014).

Judgment affirmed. Hines, C. J., Melton, P. J., Benham, Hunstein, Blackwell, Boggs, and Peterson, JJ., concur.

6

Decided August 20, 2018.

Murder. Fulton Superior Court. Before Judge McBurney.

Chaunda Brock, for appellant.

Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Michael V. Snow, Burke O. Doherty, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew M. Youn, Assistant Attorney General, for appellee.